24-338
*Sanaguaray-Quizhpi v. Blanche*

BIA
A220 441 134/135/136

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-six.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD J. SULLIVAN,
        MARIA ARAÚJO KAHN,
           *Circuit Judges.*

_____

ANGEL EDUARDO SANAGUARAY-QUIZHPI,
ANA LUCIA PAREDES-GUANO, B.A.S.,
        *Petitioners*,

        v.                                          No. 24-338
                                                NAC

TODD BLANCHE, Acting United States Attorney General,*
        *Respondent*.

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Petitioners:** | Matthew Krein, MacMurray & Associates, New York, NY. |
| **For Respondent:** | Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Alanna T. Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Angel Eduardo Sanaguaray-Quizhpi, Ana Lucia Paredes-Guano, and their minor child, B.A.S., natives and citizens of Ecuador, seek review of a January 10, 2024 decision of the BIA affirming without opinion a May 17, 2023 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Sanaguaray-Quizhpi, et al.*, Nos. A 220 441 134/135/136 (B.I.A. Jan. 10, 2024), *aff'g* Nos. A 220 441 134/135/136 (Immig. Ct. N.Y. City May 17, 2023).  We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] Sanaguaray-Quizhpi's asylum application included Paredes-Guano and B.A.S. as derivative beneficiaries, and Sanaguaray-Quizhpi and B.A.S. were included as derivative beneficiaries on Paredes-Guano's application.  *See generally* 8 C.F.R. § 1208.21(a).

Petitioners principally seek asylum and withholding of removal. To obtain such relief, an applicant must establish (i) either past persecution or a well-founded fear of future persecution and (ii) that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b). Here, the IJ denied asylum and withholding of removal on several grounds, including that Petitioners had not shown that Sanaguaray-Quizhpi's asserted social group of indigenous men in Ecuador unable to work was cognizable, that he was targeted due to his membership in that group, or that there was a pattern or practice of persecution in Ecuador against two other groups that Sanaguaray-Quizhpi and Paredes-Guano claimed to be members of – indigenous people and Evangelical Christians.

As the government points out, Petitioners have abandoned these dispositive issues by failing to address them in their opening brief. For instance, Petitioners do not address the IJ's rejection of "indigenous men in Ecuador unable to work" as a particular social group protected under the statute. Cert. Admin. R. at 57. Nor does Petitioners' brief challenge the IJ's finding that there was insufficient evidence of a pattern or practice of persecution against Evangelical Christians or

3

indigenous people in Ecuador. Accordingly, Petitioners have abandoned their claims for asylum and withholding of removal by failing to meaningfully contest the IJ's adverse findings on essential elements of those claims. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Petitioners also argue that the IJ should have separately considered whether B.A.S. was persecuted based on her membership in the particular social group of Sanaguaray-Quizhpi's family. But while Petitioners' BIA brief noted that "[Sanaguaray-Quizhpi's] children were victims of bullying because of him," Cert. Admin. R. at 12, it did not argue that his family qualified as a particular social group or assert that the IJ should have considered this claim separately. Because Petitioners' argument to this effect "cannot be closely matched up with a specific argument made to the BIA[,] . . . it has not been properly exhausted and we cannot hear it." *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024).

Finally, we decline to address whether the IJ properly denied CAT relief because Petitioners' opening brief does not develop any substantive argument

4

with respect to that claim.   *See Debique*, 58 F.4th at 684.

For these reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court